**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD GARITY, Individually, and on Behalf of Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) C.A. No. 1:18-cv-06797-PAE-KNF |
| TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JACQUES DUMAS, PIPER JAFFRAY & CO., BMO CAPITAL MARKETS CORP., STIFEL NICOLAUS & CO., INC., SUNTRUST ROBINSON HUMPHREY & CO., LLC, H.C. WAINWRIGHT & CO., LLC | ) ) **ORAL ARGUMENT** ) **REQUESTED** ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT..........................................................................................................................2

    I.      Plaintiff Could Have Brought This Action in the District of Massachusetts ..........2

    II.    Considerations of Convenience and Justice Substantially Weigh in Favor of
           Transfer to the District of Massachusetts.............................................................3

          A.     The District of Massachusetts Is the More Convenient Forum for All
                 Likely Witnesses .......................................................................................4

          B.     The District of Massachusetts Is the More Convenient Forum for the
                 Parties .......................................................................................................5

          C.     The Location of Relevant Documents Is Likely Massachusetts .................6

          D.     The Majority of the Operative Facts Occurred in Massachusetts...............6

          E.     Plaintiff's Choice of Forum Is Accorded Little Weight............................7

CONCLUSION.......................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adair v. Microfield Graphics, Inc.*,
  No. 00 Civ. 0629 (MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000) ..............................6

*Ahrens v. Cti Biopharma Corp.*,
  No. 16 Civ. 1044 (PAE), 2016 WL 2932170 (S.D.N.Y. May 19, 2016) .......................*passim*

*In re Collins & Aikman Corp. Sec. Litig.*,
  438 F. Supp. 2d 392 (S.D.N.Y. Jul 11, 2006)..........................................................................6

*In re Connectics Sec. Litig.*,
  No. 06 Civ. 11496 (SWK), 2007 WL 1522614 (S.D.N.Y. May 23, 2007)..............................5

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
  No. 08 Cv. 3516 (SWK), 2008 WL 4344531 ................................................................*passim*

*Eres N.V. v. Citgo Asphalt Refining Co.*,
  605 F. Supp. 2d 473 (S.D.N.Y. 2009)......................................................................................5

*Gallagher v. Ocular Therapeutix, Inc.*,
  C.A. No. 17-501 (SDW) (LDW), 2017 WL 4882487 (D.N.J. Oct. 27, 2017) .......................1

*Steck v. Santander Consumer USA Holdings Inc.*,
  No. 14-cv-6942 (JPO), 2015 WL 3767445 (S.D.N.Y. June 17, 2015) ...........................4, 5, 7

*Summit v. U.S. Dynamics Corp.*,
  No. 97 Civ. 9224 (VM), 2000 WL 502862 (S.D.N.Y. Apr. 27, 2000) ....................................1

**Federal Statutes**

28 U.S.C. § 1391(b)(2)...................................................................................................................3

28 U.S.C. § 1404(a) ...................................................................................................................1, 7

**State Statutes**

Mass. Gen. Laws Chapter 223A § 2 ...............................................................................................2

Mass. Gen. Laws Chapter 223A § 3 ...............................................................................................2

**Other Authorities**

New York. Federal Court Management Statistics—Comparison Within Circuit,
12-Month Period Ending June 30, 2018 (*available at*
http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparis
on0630.2018.pdf) ............................................................................................................3

## INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), Defendants Tetraphase Pharmaceuticals, Inc. ("Tetraphase," or the "Company"), Guy Macdonald, Jacques Dumas, Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC, and H.C. Wainwright & Co., LLC (collectively, "Defendants") respectfully request that the Court transfer the above-captioned federal securities class action to the District of Massachusetts. Defendants also request that the Court defer a ruling on lead plaintiff appointment until after the Court decides this motion to transfer, to afford the District Judge who will ultimately preside over this matter the opportunity to decide the lead plaintiff issues. *See Gallagher v. Ocular Therapeutix, Inc.*, C.A. No. 17-501 (SDW) (LDW), 2017 WL 4882487, at * 2 (D.N.J. Oct. 27, 2017) (deciding transfer motion prior to pending lead plaintiff motions because "the Court views the selection of a lead plaintiff as a decision that is more appropriately made by the court that ultimately will preside over the litigation").[1]

As explained below, the District of Massachusetts is the appropriate forum for this action, which arises from allegedly false and/or misleading statements Tetraphase made concerning, *inter alia*, the Company's business, operations, and prospects with respect to the development of eravacycline for the treatment of complicated intra-abdominal infections. Tetraphase's headquarters is in Massachusetts, the individual defendants work and/or reside in Massachusetts, most of the potentially relevant documents and witnesses are in Massachusetts, and these actions

---

[1] Counsel for the one lead plaintiff movant who is still actively seeking appointment as lead plaintiff (Laila Thompson) has informed Defendants' counsel that it is their position that the Court should rule on the lead plaintiff motion before proceeding with any decision on this motion to transfer, and that they intend to oppose transfer.

have no relevant connection to New York. Because all relevant factors favor transfer, the Court should transfer this action to the District of Massachusetts.

**ARGUMENT**

A court may transfer a civil action "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of the statute is to protect litigants, witnesses, and the public from a waste of time, energy, and resources. *See Summit v. U.S. Dynamics Corp.*, No. 97 Civ. 9224 (VM), 2000 WL 502862, at *2 (S.D.N.Y. Apr. 27, 2000). "In deciding a motion to transfer, a court should first inquire 'whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion.'" *Ahrens v. Cti Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19, 2016) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)).

## I.   Plaintiff Could Have Brought this Action in the District of Massachusetts

The District of Massachusetts is an appropriate and available venue for this action because all named defendants are subject to personal jurisdiction in that forum. Tetraphase is a Delaware corporation with its principal place of business and headquarters in Watertown, Massachusetts. *See* Compl. ¶ 10; Declaration of Maria D. Stahl ("Stahl Decl.") ¶ 3. Individual Defendants Guy Macdonald (the Company's Chief Executive Officer, President, and a member of its Board of Directors) and Jacques Dumas (the Company's Chief Science Officer) are based in Tetraphase's Watertown, Massachusetts headquarters and maintain their primary residence in Massachusetts. *See* Stahl Decl. ¶ 4; *see also* Mass. Gen. Laws ch. 223A § 2 ("A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action."). The remaining

-2-

defendants, whom plaintiff sues in their capacity as underwriters to a secondary public offering of Tetraphase common stock (the "Underwriter Defendants"), transacted business within Massachusetts by their participation in the underwriting. *See* Compl. ¶¶ 14-19; Mass. Gen. Laws ch. 223A § 3 ("A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; [or] (b) contracting to supply services or things in this commonwealth . . . ."). Venue is also proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(2) because a substantial part of the events allegedly giving rise to the claim occurred in the District of Massachusetts.

## II. Considerations of Convenience and Justice Substantially Weigh in Favor of Transfer to the District of Massachusetts

In assessing whether transfer is an appropriate exercise of discretion, courts consider the following factors:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Ahrens*, 2016 WL 2932170, at *2.[2] "'While there is no *per se* rule requiring or presumptively favoring transfer of a securities-fraud action to the district where the issuer is headquartered, such

---

[2] The fifth, sixth, seventh, and ninth factors are irrelevant to the analysis in the present case. The complaint does not tend to support that either New York or Massachusetts will be unable to

transfers to the issuer's home district are routine as a practical matter.'" *Id.* at \*4 (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 61 (RJH), 2006 WL 851708, at \*3 (S.D.N.Y. Mar. 31, 2006)).  Here, all relevant factors favor transfer of the action to the District of Massachusetts, where Tetraphase is headquartered.

A.   The District of Massachusetts Is the More Convenient Forum for All Likely Witnesses

"The '[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'" *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516 (SWK), 2008 WL 4344531, at \*4 (S.D.N.Y. Sept. 18, 2008) (quoting *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998)).  The District of Massachusetts is the more convenient forum for all likely witnesses.  While no specific witnesses have been identified at this time, "in cases where, as here, the plaintiff alleges that certain documents contained false or misleading statements, the key witnesses are frequently 'officers and employees of [the issuer] who participated in drafting or distributing [those] statements.'" *Id.* (quoting *In re Stillwater Mining Co. Sec. Litig.*, 02 Cv. 2806 (DC), 2003 WL 21087953, at \*4 (S.D.N.Y. May 12, 2003)).  Most such witnesses undoubtedly reside in Massachusetts.  *See* Stahl Decl. ¶ 5.  In contrast, none of lead plaintiff movants' witnesses or any non-party witnesses likely resides in New York.  While the Underwriter Defendants maintain offices in New York, whether

---

compel the attendance of any witnesses or that litigating this action in Massachusetts would impose undue hardship on any lead plaintiff movant.  "Federal courts throughout the nation are equally capable of applying federal securities laws." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at \*7.  The docket congestion of the District of Massachusetts does not materially differ from that of the Southern District of New York.  Federal Court Management Statistics—Comparison Within Circuit, 12-Month Period Ending June 30, 2018 (*available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2018.pdf). In any event docket congestion is entitled little weight.  *See Steck*, 2015 WL 3767445, at \*9 ("the Court assigns little weight to docket statistics").

any of their employees will become witnesses in this action and whether those witnesses themselves are based in the Underwriter Defendants' New York offices is unclear. Absent information tending to suggest that other witnesses would be inconvenienced by transfer to the District of Massachusetts, this factor favors transfer. *Id.*; *see also Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009) ("The convenience of witnesses who reside in neither the current nor the transferee forum is not relevant when considering a motion to transfer venue.").

B. <u>The District of Massachusetts Is the More Convenient Forum for the Parties</u>

The District of Massachusetts is, on balance, the far more convenient forum for the parties. The District of Massachusetts is more convenient to Tetraphase, Mr. Macdonald, and Dr. Dumas. *See* Stahl Decl. at ¶¶ 3-4. Tetraphase is headquartered in Massachusetts and Mr. Macdonald and Dr. Dumas are based in Tetraphase's Massachusetts headquarters and maintain their primary residence in Massachusetts. *Id.* Transfer to the District of Massachusetts would therefore minimize the potential expense and inconvenience that these defendants might need to incur for purposes of attending court proceedings. The remaining Underwriter Defendants join this motion to transfer. "Courts in this district have held that parties can waive the issue of their own convenience in which case it is given no consideration in the analysis." *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-cv-6942 (JPO), 2015 WL 3767445, at *4 (S.D.N.Y. June 17, 2015) (transferring where underwriter defendants joined motion). By contrast, neither New York nor Massachusetts appears to be more convenient for putative class members, as the complaint does not limit class membership to residency in New York or any other state. *See* Compl. ¶ 1. Accordingly, the convenience of the parties favors transfer to the District of Massachusetts. *See In re Connectics Sec. Litig.*, No. 06 Civ. 11496 (SWK), 2007 WL 1522614, at *4 (S.D.N.Y. May 23, 2007) ("Further, Oklahoma Teachers purports to bring this action on

behalf of a nationwide class of purchasers of Connectics securities, many of whom will not be New York residents. Since many class members will be inconvenienced regardless of whether the instant suit proceeds in this District of the Northern District of California, the plaintiffs' residence provides no support for keeping this suit in New York."); *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000) ("Moreover, as several courts have explained, the residence of a class representative is often a 'mere happenstance,' which may be discounted by a court when weighing transfer factors.") (quoting *Job Haines Home For The Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996)).

  C. <u>The Location of Relevant Documents Is Likely Massachusetts</u>

Although the location of relevant documents is not a significant factor, as a general matter, the favored forum in a securities class action is the one in which defendants issued the allegedly misleading financial statements, press releases, and SEC filings. *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *5-6; *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396-97 (S.D.N.Y. Jul 11, 2006). Thus, this factor also favors transfer to the District of Massachusetts. *See* Stahl Decl. at ¶ 6.

  D. <u>The Majority of the Operative Facts Occurred in Massachusetts</u>

"[I]t is well-settled that '[m]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 396 (quoting *Adair*, 2000 WL 1716340, at *2); *see also Ahrens*, 2016 WL 2932170, at *3 (transferring to jurisdiction in which defendant's headquarters was located, where allegedly false or misleading statements and filings were issued). In contrast, the complaint does not allege any facts that occurred in New York, other than to mention the irrelevant fact that certain Underwriter Defendants maintain offices in New York. *See* Compl. ¶ 8. However, any acts in New York relating to a secondary

offering "are insufficient to pull the 'center of gravity' . . . away from [the location] where the critical alleged misstatements and omissions occurred." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *6. The location of the operative facts is Massachusetts, favoring transfer to the District of Massachusetts.

       E.  <u>Plaintiff's Choice of Forum Is Accorded Little Weight</u>

Although ordinarily entitled to some deference, a plaintiff's choice of forum is accorded little weight "in a stockholder class action, where members of the class are dispersed throughout the nation." *Id.* at *7; *see also Ahrens*, 2016 WL 2932170, at *4 (same); *Steck*, 2015 WL 3767445, at *8 (same). Accordingly, the mere fact that the named plaintiff initially filed this action in New York does not weigh against transfer.

## CONCLUSION

For all of these reasons, Defendants respectfully request that the Court transfer the above-captioned action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a), and further request that the Court enter its Order transferring this matter before ruling on lead plaintiff appointment, to afford the transferee court the opportunity to decide the lead plaintiff issues.

Dated: October 9, 2018

Respectfully submitted,

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com

*Attorney for Defendants Tetraphase Pharmaceuticals, Inc., Guy Macdonald, and Jacques Dumas*

*/s/ Amanda Prentice*
Amanda Prentice
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
Tel: (212) 415-9200
Fax: (212) 953-7201
prentice.amanda@dorsey.com

*Attorney for Defendants Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC, and H.C. Wainwright & Co., LLC*