**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | |
| EDWARD GARITY, Individually, and on Behalf ) | |
| of Others Similarly Situated, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | C.A. No. 1:18-cv-06797-ALC |
| TETRAPHASE PHARMACEUTICALS, INC., ) | |
| GUY MACDONALD, JACQUES DUMAS, ) | **ORAL ARGUMENT** |
| PIPER JAFFRAY & CO., BMO CAPITAL ) | **REQUESTED** |
| MARKETS CORP., STIFEL NICOLAUS & ) | |
| CO., INC., SUNTRUST ROBINSON ) | |
| HUMPHREY & CO., LLC, H.C. ) | |
| WAINWRIGHT & CO., LLC ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT.......................................................................................................................2

    A.    Plaintiffs' Choice of Forum Is Accorded Little Weight ........................................2

    B.    The Majority of Operative Facts Occurred in Massachusetts.................................3

    C.    The District of Massachusetts Is the More Convenient Forum for All Likely Witnesses ...............................................................................................................4

    D.    The District of Massachusetts Is the More Convenient Forum for the Parties........6

    E.    The Location of Relevant Documents Is Likely Massachusetts.............................7

CONCLUSION....................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adair v. Microfield Graphics, Inc.*,
No. 00 Civ. 0629 (MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000)................................6

*Ahrens v. Cti Biopharma Corp.*,
No. 16 Civ. 1044 (PAE), 2016 WL 2932170 (S.D.N.Y. May 19, 2016)................................6

*Albert Fadem Trust v. Duke Energy Corp.*,
214 F. Supp. 2d 341 (S.D.N.Y. 2002)................................................................................2

*In re CenturyLink, Inc. Sec. Litig.*,
No. 13 Civ. 03839 (LTS), 2014 WL 1089116 (S.D.N.Y. Mar. 18, 2014)................................2

*In re Collins & Aikman Corp. Sec. Litig.*,
438 F. Supp. 2d 392 (S.D.N.Y. 2006)...............................................................................3, 7

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
No. 08 Cv. 3516 (SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ....................2, 3, 4, 7

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
418 F. Supp. 2d 164 (E.D.N.Y. Feb. 28, 2006) ..........................................................6

*InVivo Research, Inc. v. Magnetic Resonance Equip. Corp.*,
119 F. Supp. 2d 433 (S.D.N.Y. 2000)................................................................................6

*Johnson v. New York Life Ins. Co.*,
C.A. No. 12-11026-MLW, 2013 WL 1003432 (D. Mass. Mar. 14, 2013)................................3

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
No. 02 Civ. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) ................................5

*In re McDermott Int'l, Inc. Sec. Litig.*,
No. 08 Civ. 9943 (DC), 2009 WL 1010039 (S.D.N.Y. Apr. 13, 2009)................................3

*In re Nematron Corp. Sec. Litig.*,
30 F. Supp. 2d 397 (S.D.N.Y. 1998)................................................................................3

*City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*,
No. 10 Civ. 376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010)................................3

*Steck v. Santander Consumer USA Holdings Inc.*,
No. 14-cv-6942 (JPO), 2015 WL 3767445 (S.D.N.Y. June 17, 2015)................................5

*In re Stillwater Mining Co. Sec. Litig.*,
 No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003).................................4

*Truk Int'l Fund, LP v. Wehlmann*,
 No. 08 Civ. 8462 (PGG), 2009 WL 1456650 (S.D.N.Y. May 20, 2009) .................................3

**Federal Statutes**

28 U.S.C. § 1404(a) ............................................................................................................1, 7

**Other Authorities**

http://www.piperjaffray.com/2col.aspx?id=134 (last accessed October 30, 2018).........................5

https://www.stifel.com/contact-us (last accessed October 30, 2018) .............................................5

**INTRODUCTION**

Defendants Tetraphase Pharmaceuticals, Inc. ("Tetraphase" or the "Company"), Guy Macdonald, Jacques Dumas, Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC, and H.C. Wainwright & Co., LLC (collectively, "Defendants") submit this reply in further support of their motion to transfer pursuant to 28 U.S.C. § 1404(a) (Dkt. 17), and in response to Plaintiff Edward Garity and Lead Plaintiff Movant Laila Thompson's (collectively, "Plaintiffs") Opposition thereto (Dkt 22).[1]

As explained in Defendants' opening brief, the District of Massachusetts is the appropriate forum for this securities class action, which arises from allegedly false and/or misleading statements Tetraphase made about its business and operations. Tetraphase's headquarters is in Massachusetts, the individual defendants reside and work there, most of the potentially relevant documents and witnesses are in Massachusetts, and Tetraphase issued the challenged statements from Massachusetts.

Plaintiffs' arguments for opposing transfer are unpersuasive. The Opposition disregards how courts weigh forum issues in the context of securities litigation, unduly focuses on the purported convenience of the Underwriter Defendants (which join the motion to transfer), and otherwise misapplies the relevant factors. Further, Plaintiffs advance no evidence that counsels against transfer, other than to assert Plaintiffs' counsel's preference to litigate in New York, which merits no weight in the Court's analysis.

---

[1] Citations to Defendants' opening brief in support of the Motion to Transfer use "Br."; Citations to Plaintiffs' Opposition to Defendants' Motion to Transfer use "Opp."

**ARGUMENT**

Plaintiffs assert that two factors – plaintiff's choice of forum and the locus of operative facts – militate against transfer and that all other factors are neutral.  To the contrary, Plaintiffs' preference is afforded little weight in the context of this action, the locus of operative facts is Massachusetts, and all other relevant factors support transfer.[2]

A.  Plaintiffs' Choice of Forum Is Accorded Little Weight

Plaintiffs' choice of a New York forum does not weigh against transfer, as their preference is accorded little weight in a securities class action.  *See, e.g.*, *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516 (SWK), 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008) (while plaintiff's choice of forum is ordinarily entitled to significant weight, "[t]hat weight is reduced, however, in a stockholder class action, where members of the class are dispersed throughout the nation").  The sole case that Plaintiffs cite in support of their contrary position is inapposite, as the court's denial of the motion to transfer in *Duke Energy* hinged on circumstances that do not exist here.  Specifically, in that case, other plaintiffs already had filed twelve related actions in this district, and the parties and witnesses were distributed across the country.  *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341 (S.D.N.Y. 2002).  Further, even in denying transfer, the court acknowledged that "the force of [plaintiff's] choice may be diminished by the fact that plaintiffs here seek to represent a nationwide class of shareholders."  *Id.* at 344. The weight of authority in this Court and elsewhere supports giving little weight to Plaintiffs' choice of forum in this securities class action.  *See, e.g.*, *In re CenturyLink, Inc. Sec. Litig.*, No. 13 Civ. 03839 (LTS), 2014 WL 1089116, at *3 (S.D.N.Y. Mar. 18, 2014) ("Plaintiffs' choice of forum

---

[2] Plaintiffs concede that all factors not addressed in Defendants' opening brief are neutral. *See* Opp. at 4.  Plaintiffs also do not contest that they could have brought this action in the United States District Court of the District of Massachusetts.  As such, this Reply does not repeat the analysis of these factors or requirements.  *See* Br. at 2-3 & n.2.

warrants only limited consideration.  Although a plaintiff's choice of forum is generally entitled to considerable weight it is well settled in this district that such weight is reduced in a stockholder class action, where members of the class are dispersed throughout the nation.") (internal quotation marks omitted); *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at *3 (S.D.N.Y. May 21, 2010) (similar); *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009) (similar); *see also Johnson v. New York Life Ins. Co.*, C.A. No. 12-11026-MLW, 2013 WL 1003432, at *3 (D. Mass. Mar. 14, 2013) (similar)

### B.  The Majority of Operative Facts Occurred in Massachusetts

In securities matters, the locus of operative facts is the home jurisdiction of the corporate issuer because "it is well-settled that '[m]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396 (S.D.N.Y. 2006) (quoting *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000)).  This Court has repeatedly rejected the superficial arguments Plaintiffs advance to the contrary.  *See* Opp. at 3.  For example, acts in New York relating to a secondary offering "are insufficient to pull the 'center of gravity' . . . away from [the location] where the critical alleged misstatements and omissions occurred."  *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *6.  Similarly, "that the shares were directed to New York does not make it a forum which has a significant contact with the operative facts."  *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998).  Nor do purchases of stock in New York or the listing of the stock on the NASDAQ exchange weigh against transfer to the District of Massachusetts.  *See Truk Int'l Fund, LP v. Wehlmann*, No. 08 Civ. 8462 (PGG), 2009 WL 1456650, at *5-6 (S.D.N.Y. May 20, 2009) (transferring to home district of board member

-3-

defendants despite allegations that "the secondary offering occurred in New York; certain press releases were issued in New York; analysts' coverage of the secondary offering took place in New York; [issuer's] stock is traded on the American Stock Exchange in New York; and [issuer] participated in a road show and an industry conference in New York"); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003) (transferring to home district of issuer even though issuer's stock was traded on New York Stock Exchange).

C.  The District of Massachusetts Is the More Convenient Forum for All Likely Witnesses

Plaintiffs argue that the "convenience of witnesses" factor is neutral.  Opp. at 4-5.  But there can be no real dispute that most likely witnesses in this action (Tetraphase employees) reside in Massachusetts and would be inconvenienced if the litigation proceeds in New York.  *See* Br. at 4-5.  In a securities class action, "the key witnesses are frequently 'officers and employees of [the issuer] who participated in drafting or distributing [the challenged] statements.'"  *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *4 (quoting *In re Stillwater Mining Co. Sec. Litig.*, 2003 WL 21087953, at *4).  In this case, those witnesses reside in Massachusetts. *See* Stahl Decl. ¶ 5 (Dkt. 18).

Defendants marshal only two assertions that they contend are to the contrary.  First, Plaintiffs claim that because Defendants did not, in their opening brief, identify specific witnesses who might find a New York forum inconvenient and describe the nature of their testimony, the Court cannot weigh the convenience of witnesses as a factor.  Opp. at 4-5.  However, Plaintiffs ignore that in securities class actions, courts ***presume*** that the the key witnesses are the officers and employees of the corporate issuer. *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *4 (acknowledging absence of identification of individual witnesses, but

transferring to home forum of corporate defendant and citing the *Orb Factory, Ltd.* decision upon which Plaintiffs rely); *see also MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at \*4 (S.D.N.Y. Dec. 5, 2002) ("Even though defendants have not provided a list that identifies potential witnesses expected to be called to testify, the events giving rise to this [securities class] action demonstrate that the vast majority of material witnesses are in Northern California and would therefore find it more convenient to testify in California than in New York."). Although identifying all relevant Tetraphase witnesses or the issues to which they may testify at this early stage of the case is impossible, nearly all such witnesses clearly reside in Massachusetts. *See* Stahl Decl. ¶ 5.

Plaintiffs also claim (without any support) that "dozens if not hundreds" of employees of the Underwriter Defendants are "likely" witnesses. Opp. at 5. However, Plaintiffs cannot defeat transfer based on the purported convenience of these employees where the Underwriter Defendants are seeking transfer themselves. *See Steck v. Santander Consumer USA Holdings Inc.*, No. 14-cv-6942 (JPO), 2015 WL 3767445, at \*4 (S.D.N.Y. June 17, 2015) ("Courts in this district have held that parties can waive the issue of their own convenience, in which case it is given no consideration in the analysis."). In any event, where the issue in a case relates to alleged misrepresentations in a registration statement, "[t]he Underwriter Defendants' potential due diligence defense will arise only if liability is established," diminishing the weight that could be accorded to the convenience of Underwriter Defendants' employees. *Id.*[3]

---

[3] Additionally, Plaintiffs' argument rests on the assumption that these employees reside in New York simply because their employers have offices in the state. But this does not necessarily dictate where a relevant employee works or resides, especially where most of the Underwriter Defendants have offices nationwide (if not worldwide) and a few have their headquarters outside of New York. *See, e.g.*, http://www.piperjaffray.com/2col.aspx?id=134 (last accessed October 30, 2018) (Piper Jaffray headquartered in Minneapolis); https://www.stifel.com/contact-us (last

D.   The District of Massachusetts Is the More Convenient Forum for the Parties

Plaintiffs are the only parties that do not agree that Massachusetts is the more convenient forum.   All other parties join the motion to transfer.   Nevertheless, Plaintiffs argue that the "convenience of the parties" factor is neutral because "Defendants have the resources to litigate in this District."   Opp. at 5-6.   As an initial matter, Defendants' financial resources in no way diminish the disruption to company operations that a trial in an inconvenient forum poses, particularly where, as here, individual defendants are members of senior management.   *See In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006).   Moreover, "'transfers to the issuer's home district are routine as a practical matter'" in securities class actions, undermining Plaintiffs' suggestion that the convenience of publicly traded companies is an irrelevant factor.   *See Ahrens v. Cti Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 61 (RJH), 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006)).

Plaintiffs also argue that the "convenience of the parties" factor is neutral because "transferring this action would cause inconvenience to the parties' counsel."   Opp. at 6.   But "the convenience of counsel is not an appropriate factor to consider on a motion to transfer."   *InVivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000).   Plaintiffs do not argue that transfer to the District of Massachusetts would inconvenience Plaintiffs themselves.   Besides, in a class action, courts give no weight to the convenience of a class representative.   *See Adair*, 2000 WL 1716340, at *2 ("Moreover, as several courts have explained,

accessed October 30, 2018) (Stifel headquartered in St. Louis).   In sum, Plaintiffs' speculation regarding the residency of "dozens if not hundreds" of employees is insufficient to defeat transfer, especially given the *actual evidence* the Defendants presented with their opening brief demonstrating the inconvenience of a New York forum for potential Tetraphase employee witnesses.   Br. at 4; Stahl Decl. ¶ 5.

the residence of a class representative is often a 'mere happenstance,' which may be discounted by a court when weighing transfer factors.") (quoting *Job Haines Home For The Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996)).

### E.   The Location of Relevant Documents Is Likely Massachusetts

Plaintiffs argue that the "location of documents" factor is neutral because electronically stored documents are accessible remotely.  Opp. at 6.  Although Defendants have acknowledged that this factor generally does not carry much weight (Br. at 6), courts tend to find that this factor weighs in favor of transfer to the home forum of the corporate issuer in securities class actions. *See In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *5-6; *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d, at 396-97.  Plaintiffs offer no reason to expect that relevant documents are more likely to be located in New York instead of Massachusetts.

### CONCLUSION

For all these reasons, and those stated in Defendants' opening brief, Defendants respectfully request that the Court transfer the above-captioned action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).  Defendants also request that the Court enter its Order transferring this matter before ruling on lead plaintiff appointment, to afford the transferee court the opportunity to decide the lead plaintiff issues.

Dated: October 30, 2018

Respectfully submitted,

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com

-7-

*Attorney for Defendants Tetraphase Pharmaceuticals, Inc., Guy Macdonald, and Jacques Dumas*


/s/ Amanda Prentice
Amanda Prentice
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
Tel: (212) 415-9200
Fax: (212) 953-7201
prentice.amanda@dorsey.com

*Attorney for Defendants Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC, and H.C. Wainwright & Co., LLC*

-8-